# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **GLENDA KAY BUCHANAN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:05CV00018 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **LT./WATCH COMMANDER** | ) | By: James P. Jones |
| **JEFF COMPTON, ET AL.,** | ) | Chief United States District Judge |
| | ) | |
| Defendants. | ) | |

*Anthony E. Collins, Wise, Virginia, for Plaintiff; Deanis L. Simmons and Catherine Crooks Hill, Assistant Attorneys General of Virginia, Richmond, Virginia, for Defendants Gene M. Johnson, John Jabe, and Stan Young.*

In this action under 42 U.S.C.A. § 1983 (West 2003), certain of the defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

The plaintiff alleges in her Complaint that while on duty as an employee of the Virginia Department of Corrections ("VDOC") at Wallens Ridge State Prison she was sexually assaulted by her supervisor, Jeff Compton. She alleges that she eventually reported the incident and was first suspended by the prison warden, Stan Young, for sexual misconduct, but this suspension was later reversed. She claims that the

assault, as well as the false allegations of her sexual misconduct, have caused her injury.

In her Complaint, the plaintiff names as defendants the following persons: Jeff Compton, the alleged perpetrator of the assault; Stan Young, the warden; R. Young, a regional director for VDOC; John Jabe, the deputy director of VDOC; and Gene M. Johnson, the director of VDOC. The Complaint sets forth various causes of action in numbered counts. Count One alleges that the plaintiff was seized in violation of the Fourth Amendment by virtue of the sexual assault; Count Two asserts a violation of procedural due process; Count Three alleges a violation of substantive due process; and Count Four asserts claims of supervisory liability. Counts Five through Eight allege state law causes of action. Defendants Stan Young, Jabe, and Johnson have filed a joint Motion to Dismiss, seeking the dismissal of all counts against them.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, the plaintiff is not entitled to relief. The court may not dismiss a complaint unless the plaintiff can prove no set of facts that would entitle the plaintiff to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "The issue is not whether a plaintiff will ultimately prevail but whether

the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

It is not necessary to set forth a particular legal theory, but rather a party is required only to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also* Charles Alan Wright, *Law of Federal Courts* § 68 (5th ed. 1994). The court is obligated to construe the complaint as asserting "any and all legal claims that its factual allegations can fairly be thought to support." *Martin v. Gentile*, 849 F.2d 863, 868 (4th Cir. 1988). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

It is unclear from the Complaint whether the causes of action set forth in Counts One (Fourth Amendment) and Three (substantive due process) are asserted against any defendant other than the alleged perpetrator, Jeff Compton. I will thus reserve decision on the Motion to Dismiss as to those counts and direct the plaintiff to advise the court in that regard.

As to Count Two (procedural due process) the defendants argue, among other things, that they are entitled to qualified immunity. Because the particulars of the claim for a violation of due process are not clear from the Complaint, and because of

-3-

Case 2:05-cv-00018-JPJ-PMS   Document 14   Filed 07/28/05   Page 3 of 5   Pageid#: 62

the nature of the defense of qualified immunity, I will also reserve decision as to this count, and require a response from the plaintiff.

As to the remaining counts, I find that the allegations of the Complaint are sufficient to withstand the Motion to Dismiss.

For the foregoing reasons, it is **ORDERED** as follows:

1. The Motion to Dismiss is denied in part and decision is reserved in part;

2. The Motion to Dismiss is DENIED as to all counts of the Complaint except Counts One, Two, and Three and decision is reserved as to those counts;

3. As to Counts One and Three, the plaintiff must file within 14 days of the date of entry of this Order a statement as to whether or not such counts are asserted against defendants Stan Young, Jabe, or Johnson, and if so, the particulars of the alleged liability of each such defendant;

4. As to Count Two, the plaintiff must file within 14 days of the date of entry of this Order a statement of the particulars of any alleged violation of due process by each such defendant;

5. If the plaintiff fails to file the required statements as directed, the court may dismiss such claims without further notice; and

6. If the plaintiff files such statements as required, the defendants are granted leave to file a supplemental brief in support of their Motion to Dismiss, provided such brief is filed within 10 days of the date of service of such statements.

ENTER: July 28, 2005

/s/ JAMES P. JONES
Chief United States District Judge